ANN MARKHAM and others *vs.* VIRGINIA H. TOWNSEND and others.

At Chambers, March 13, 1877.

PRACTICE—POWER OF CHANCELLOR AT CHAMBERS—NOTICE.—Under the Code, § 4451, a Chancellor at chambers has the authority to prescribe what shall be reasonable notice in a particular case to be given to the opposite party on a motion to dissolve an injunction.

CHAMPERTY—ORIGINAL BILL FOR DISCOVERY.—Under the Code, § 1784, an original bill for the discovery of champerty in a pending suit will not lie where the oath to the defendant's answer is expressly waived.

CHAMPERTY IS ONLY A DEFENCE TO A PENDING SUIT.—Champerty is only a defence in abatement of a pending suit, and the defence is lost as soon as the suit progresses to a judgment or decree.

*Bright & Burnham*, for complainants.
*Newman, Gaut & Ozment*, for defendants.

THE CHANCELLOR :—Motion at chambers to dissolve an injunction, made before me because of the incompetency of the Hon. A. S. Marks, Chancellor, in whose chancery district the bill is filed, under the act of 1870, 31. (T. & S. Rev. 4416, *a* and *b*.) Upon the application of the defendant, sustained by affidavit, I authorized the motion to be made on two days' notice if served in Lincoln county, where the suit is pending, or on one day's notice if served in this county, it being suggested that the solicitors of the complainants would be in this county on business in the supreme court. Both notices were given, the one being served in

Lincoln county, the other in this county. And on this the 13th of March, 1877, both parties appeared by their solicitors at my office, in accordance with the notice. The solicitors of the complainants objected to the notice as not sufficient under the provisions of the law, and do not propose to be considered as appearing to resist the motion unless I should be of opinion that the notice is good. I have agreed not to consider them as putting in an appearance except on the merits, and to look to their arguments only in the event I determine that the merits of the application are properly before me.

The first question, therefore, is whether the notice is sufficient, and this depends upon the point whether the Chancellor, on applications to dissolve injunctions, has the power at chambers to fix, upon good cause shown, the time when such a motion may be made before him. The first section of the act of 1870, 31, vests me, as the Chancellor of an adjoining division to the division of Chancellor Marks, with the power to dissolve an injunction in any case pending before him in which he is incompetent, the incompetency being shown, as in this case, by affidavit. That section provides that the "notice of such application shall be the same as to time and place as is prescribed to take depositions." This notice is determined by the Code, § 3852, and would, ordinarily, require a notice of ten or fifteen days in a case like the present. By the Code, § 4444, the notice required for the dissolution of an injunction is fixed at five days. If either of these provisions is imperative in all cases, then the present notice is insufficient.

That these statutory provisions are not altogether conclusive and imperative is certain. All of our courts exercise the power of departing from their literal meaning by limiting the time of notice to take depositions to a shorter period than that prescribed, whenever a sufficient exigency is shown to exist. The power of a judge at chambers in a similar exigency has, perhaps, been rarely tested, simply because the exigency has scarcely ever arisen. The control

of a Chancellor over the process of his court is inherent in his office, and is recognized, and, in some respects extended, by statute. Code, § 4410, *et seq.* It becomes unnecessary, however, to rigidly scrutinize the limits of this power, for the Code, § 4451, declares the existence of such power for the purposes of the present motion. That section provides thus : "Chancellors may, as well in vacation as in term, examine the proceedings under extraordinary process upon the answer of the defendant, or upon petition and affidavit, and discharge or reduce any levy or bond, reasonable notice of the application being given to the other side." That an injunction is an extraordinary process within the meaning of this section is rendered certain by the preceding section (4434) where injunctions heads the enumeration of the extraordinary process of the court. And I was of counsel in two cases of importance, one before Chancellor Otis and the other before Chancellor Harrison, where the process of injunction was modified under this section, and the actions of the Chancellor sustained in the supreme court, one orally, the other in a brief written opinion never reported. I am of opinion that this section does confer upon the Chancellors at chambers the authority required to be exerted in this case, and enable them to prescribe what shall be reasonable notice. The sufficiency of the notice in this case has only been contested as matter of law. Its sufficiency as matter of fact to enable the parties to appear by counsel and defend to the full extent of their rights is not disputed.

The bill makes this case : On the 18th of June, 1870, the defendant Virginia H. Townsend filed her bill in the chancery court at Fayetteville against John Markham and Frank Markham ; such proceedings were had in the cause that, at the January term, 1876, of the supreme court, at Nashville, a decree was, upon appeal, rendered reversing the decree of the court below dismissing the bill, and the cause retained in that court, and an order of reference made in the cause to take and state an account between the parties, and said

cause is now pending in the supreme court on its merits, the final and ultimate determination of the same not having been had. That Frank Markham died pending the suit, and it was revived against his widow, administratrix, and heirs, who are the complainants in this bill. That the defendants J. W. Newman, E. L. Allen, and J. C. Brandon were the solicitors and counsel of Virginia H. Townsend in filing and prosecuting the bill. That the present complainants are the only parties interested in the said original suit, John Markham having died, and his estate being insolvent. That there was at the institution of said original suit, and has been during its pendency, a champertous contract between the said Virginia H. Townsend of the one part and J. W. Newman and E. S. Allen on the other, by which the latter were to give their personal attention to the prosecution of the suit, and, in case of their success, they were to receive a part of the thing in litigation, and, if unsuccessful, nothing. That said suit was, both in its origin and progress, tainted with maintenance, champerty, and other corrupt and illegal contracts. " Complainants would further show," says the bill, " that, however well founded their suspicions may have been, they came in possession of the facts by which they can establish said champerty, maintenance, and corruption only within the past few weeks, and the seeming delay of this bill is thus explained." The bill requires the defendants to answer, but expressly waives an answer under oath. It prays that defendants be enjoined " from in any way intermeddling with the same (the suit in the supreme court) until this cause can be heard," and, on final hearing, that the said injunction be made perpetual. The injunction was granted as prayed for, on a bond of $500.

Champerty is by statute, Code, § 1783, a good defence to a pending suit. Whenever disclosed to the court in that suit, it is the duty of the court to dismiss it. The statute, as construed by the courts, leaves to the party the option of several modes in which the fact may be " disclosed." One of these modes is, in some instances at any rate, by bill

" for discovery and relief." Code, § 1784, subsec. 1. But, this bill expressly waives an answer from the defendants under oath, and thereby turns the answer into a pleading,. not a discovery. Such a bill is obviously not essential to the rights of the complainants. If they do not require a discovery from the defendants, the facts by which they say they can establish the champerty could be " disclosed " to the court in the pending suit without an independent bill. The statute only authorizing such a bill " for discovery and. relief," a bill which waives a discovery is not within the statute, and is, the court can see, without any practical utility, and, therefore, on its face without equity.

The theory of the bill is that champerty is of so illegal. a nature that it vitiates all legal proceedings in which it may be found, and enables the opposite party to perpetually enjoin them at any stage thereof. The statute, however, makes it only a defence to a pending suit. The suit may be dismissed for it, but the right of action on the original cause of litigation continues, and the party may begin *de novo*. It is a defence in abatement of the existing suit,. provided it is made in time. If the suit progresses to a judgment or decree, the defence of champerty is at an end,. like any other defence which the party has neglected to make. The judgment or decree cannot be impeached, or perpetually enjoined, by an original bill based upon such champerty. This was decided by our supreme court in. *Hunt* v. *Lyle*, 8 Yerg. 142, after a judgment at law, and in *Allen* v. *Barksdale*, 1 Head, 238, after a decree in equity. The first of these cases was a bill filed to perpetually enjoin a judgment at law, the other a decree in equity for champerty. " If," says Catron, C. J., in the first of these cases, " there was champerty in prosecuting the suit at law,. application ought to have been made to that court, the fact ascertained, and the suit dismissed. This would not have been a forfeiture of the claim of Lyle; he might have brought another suit." " The ground assumed," says Judge Wright, in the other case, " is that they (complain-

ants) had a defence to the (original) suits, but did not know it, and now ask that these decrees be set aside to enable them to make it. This cannot be permitted. These decrees were final adjudications upon the rights of the parties, and, after the adjournment of the term at which they were pronounced, passed beyond the control of the chancery court, and cannot be altered or changed." The present bill, if it had required an answer under oath, would have been a bill of precisely the same character as the bills in the cases just cited. If the decree of the supreme court, made in January, 1876, was a decree adjudicating the rights of parties, it passed beyond the control of the court after the adjournment of the term, and can no more be gone behind for the purpose of setting up the defence of champerty, than it could be for the purpose of setting up any other defence on the merits. *Meek* v. *Mathis*, 1 Heisk. 534. Relief against it by an original bill, except for fraud, is gone. The learned counsel of the complainants are, therefore, mistaken in supposing that their clients have the right to defeat the account by any evidence which might bar complainants' claim. The law is clearly otherwise. Unless the decree expressly authorize proof contesting the whole case, the defendant can take no testimony except such as is relevant to the matters referred to the clerk in the decree. *Maury* v. *Lewis*, 10 Yerg. 119 ; *Pearl* v. *Nashville*, Meigs, 597. If the rule were otherwise, every litigant might have a new trial or rehearing on the merits, by introducing evidence on the reference, and suits would be without end. The decree of January, 1876, is final so far as it settled rights, and cannot be gone behind to let in the defence of champerty, any more than any other defence, except by bill of review.

The present bill is either loosely or cautiously worded in regard to that decree. It merely states that the decree below, dismissing the bill, was reversed, and the cause retained, "and an order of reference made in the cause to take and state an account between the parties." This very

vagueness of averment is a sufficient ground of itself to dissolve the injunction granted. To put in motion the tremendous machinery of the court of chancery through its injunctive process, especially after such long litigation, the effect of which is to prolong a suit indefinitely by commencing *de novo*, there must be no obscurity, and no loose wording. Everything should be, and will, where the law is correctly administered, be taken against the pleader; for, if the vagueness is inadvertent, the right to amend is always conceded.

If I am at liberty to look to the decree of the supreme court itself, upon this motion, which I think I may do—the bill, by reciting it even vaguely, thereby making it an exhibit in effect—I see that the decree of January, 1876, is a full and final decree, settling the rights of the parties, and leaving nothing open except the amount of the liability, on the principles adjudged, to be ascertained by the master.

But it is not necessary for me to go outside of the bill to arrive at the same conclusion. The bill admits that the reference is "to take and state an account between the parties." I know judicially that no such reference can legally be made by a court without an adjudication of rights. *McLin* v. *McNamara*, 1 Dev. & B. Eq. 409; *McCaskill* v. *McBryde*, 2 Ired. Eq. 52; *Harris* v. *Fly*, 7 Paige, 423; *Neale* v. *Hagthrop*, 3 Bland, 551; *Cutting* v. *Carter*, 4 Hen. & M. 478; *Wessells* v. *Wessells*, 1 Tenn. Ch. 58. The presumption is, of course, that the supreme court conformed its course of proceeding to this fundamental principle of judicial action. If for any reason there was a departure from it, the complainants should have stated the facts. It is not a case for equivocal language, but for the utmost precision.

For these reasons I am clearly of opinion that the bill on its face discloses no such equity as entitles the complainants to go behind the decree of the supreme court of January, 1876, by an original bill, or to enjoin further proceedings under that decree by an original bill based upon a matter of defence, which, so far as a bill "for discovery and relief"

under the statute is concerned, could only be made previous to that decree.

I may say of this bill as Judge Wright said of the bill in *Allen* v. *Barksdale:* "It is not pretended that this is a bill of review." It is not such a bill, either in form or substance. But, if it could be so treated, it would be a bill of review for newly-discovered evidence. Such a bill can only be filed by leave of the court, on a proper application. Moreover, the newly-discovered evidence relied on is not so stated as to enable the court to see that it would of itself justify a review of the decree in question, nor are the date and circumstances of the discovery so definitely stated that the court can see that it was newly-discovered, or might not have been discovered long before by reasonable diligence. *Burson* v. *Dosser*, 1 Heisk. 754.

In this view it becomes unnecessary to consider whether a bill of review would lie upon new matter which would only have been in abatement of the original suit, a point, perhaps, of no great difficulty. *Young* v. *Keighly*, 16 Ves. 348; Story's Eq. Pl. § 425.

The injunction was improvidently granted, and is hereby dissolved.